# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

_____

No. 25-2724

_____

BRANDON PUGH,

Appellant,

v.

BERKS COUNTY BOARD OF ELECTIONS,

Appellee.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 5:25-cv-03267
District Judge:  The Honorable John M. Gallagher

_____

## RESPONSE OF APPELLEE BERKS COUNTY BOARD OF ELECTIONS IN OPPOSITION TO APPELLANT'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL

_____

Dated: September 11, 2025

**SMITH BUKOWSKI, LLC**

Jeffrey D. Bukowski, Esquire
Attorney I.D. No. 76102
JBukowski@SmithBukowski.com
1050 Spring Street, Suite 1
Wyomissing, PA 19610
(610) 685-1600

*Counsel for Appellee,*
*Berks County Board of Elections*

## **INTRODUCTION**

Appellant Brandon Pugh ("Mr. Pugh") is a current member of the Lyons Borough Council.  Mr. Pugh waged a write-in campaign to be the Republican Party nominee for the office of Lyons Borough Mayor in the May 2025 primary election. Mr. Pugh received only five write-in votes—half of the ten-vote minimum required under Section 1405 of the Pennsylvania Election Code, 25 Pa. Stat. § 3155, to be certified as the primary election winner.

Mr. Pugh petitioned Appellee Berks County Board of Elections ("Berks County") to disregard Section 1405's clear statutory mandate and certify Mr. Pugh as the primary winner and place his name on the official ballot as the Republican Party nominee for Lyons Borough Mayor in the November 2025 General Election. Berks County denied Mr. Pugh's petition, and shortly afterwards Mr. Pugh sued Berks County in federal district court, alleging Berks County's enforcement of Section 1405 violated his constitutional rights under the First and Fourteenth Amendments.  The District Court granted Berks County's motion to dismiss Mr. Pugh's complaint for failure to state a claim.

Mr. Pugh has appealed the District Court's dismissal Order and, while his appeal is pending, Mr. Pugh filed a motion seeking an expedited mandatory injunction Order compelling Berks County to place his name on the November 2025 General Election ballot as the Republican Party nominee for Lyons Mayor.

In essence, Mr. Pugh wants this Court to summarily reverse the District Court's Order below (**JA002**) dismissing his complaint alleging Berks County violated his constitutional rights by complying with Section 1405 of the Pennsylvania Election Code.

Mr. Pugh cannot meet the strict requirements for his requested extraordinary relief. Specifically, Mr. Pugh has not demonstrated a likelihood of success on the merits, irreparable harm, or that the balance of equities and public interest favor granting the injunction. To the contrary, Mr. Pugh is **<u>not</u>** likely to succeed on the merits of his appeal. His assertion of irreparable harm is speculative. And the balance of the equities and public interest weigh strongly against granting relief. Accordingly, this Court should not only deny Mr. Pugh's motion for injunctive relief but also **<u>summarily affirm the District Court's Order</u>**.

<u>**GROUNDS FOR RELIEF**</u>

The Court should deny Mr. Pugh's emergency motion for injunctive relief pending appeal for two reasons: (1) Mr. Pugh did not move first in the district court for the requested injunction pending appeal, *see* Fed. R.A.P. 8(a)(C), and it was not impracticable for him to do so; and (2) Mr. Pugh cannot satisfy his heavy burden for his requested extraordinary relief pending appeal.

In addition to denying Mr. Pugh's motion for injunctive relief pending appeal, because the November General Election is fast approaching and

Mr. Pugh's appeal does not present a substantial question, **Berks County hereby moves under 3d Cir. L.A.R. 27.4 for summary action affirming the District Court's Order dismissing Appellant's complaint**.  The grounds for granting Berks County's requested summary affirmance of the District Court's dismissal Order is set forth in Mr. Pugh's motion for injunctive relief, Berks County's response, the amicus brief filed in the District Court by the Secretary of the Commonwealth, and the District Court's Opinion in support of its dismissal Order.

## STANDARD FOR REVIEW

Mr. Pugh requests this Court to grant his motion for a preliminary mandatory injunction compelling Berks County to place Mr. Pugh's name on the official ballot for the November 2025 General Election as the Republican Party nominee for the office of Lyons Borough Mayor.

Under Fed. R.A.P. 8(a), before filing a motion with the Court of Appeals seeking an injunction pending appeal, an appellant ordinarily must first move the district court for the requested relief unless doing so would be impracticable. Mr. Pugh did not do so here and seeks to justify that failure by the conclusory assertion that doing so would have been impracticable.

To obtain a preliminary injunction pending appeal, an appellant must establish: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in

even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakers USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010). The purpose of preliminary injunctive relief is "merely to preserve the relative positions of the parties" pending further proceedings. *See A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1368, 221 L. Ed. 2d 765 (2025) (quoting *Lackey v. Stinnie,* 604 U.S. ——, ——, 145 S. Ct. 659, 667, 221 L.Ed.2d 63 (2025)).

A party seeking a mandatory injunction—one altering the status quo—must ultimately demonstrate: "(1) the reasonable probability of eventual success in the litigation and (2) that the movant will be irreparably injured pendent lite damages if the relief is not granted." *MIG Invs. LLC v. Aetrex Worldwide, Inc.*, 852 F. Supp. 2d 493, 513 (D. Del. 2012) (quoting *Bennington Foods LLC v. St. Croix Renaissance, Grp., LLP,* 528 F.3d 176, 179 (3d Cir. 2008)).

Mr. Pugh requests that the Court grant his requested mandatory injunction on an expedited basis by September 20, 2025 because he asserts that is the statutory deadline for Berks County to finalize its ballots. September 20th is not the statutory deadline for printing ballots; however, September 20th is the statutory deadline—45 days before the election—by which Berks County (and other county boards of elections) must **begin** transmitting military/overseas ballots to eligible voters who have applied for one.

4

As a practical matter, **time is of the essence** in deciding not only Mr. Pugh's motion for injunctive relief pending appeal but also the merits of his appeal. Berks County intends to finalize and send its ballots to the printer on **Wednesday, September 17, 2025,** so it can have printed ballots back and start transmitting not only military/overseas absentee ballots but also domestic absentee and mail-in ballots during the week of September 29, 2025,[1] and put itself in a position to timely perform other mandatory testing of its voting equipment with the final ballots shortly thereafter.

## ARGUMENT

### A.    The High Legal Standard for Obtaining a Preliminary Injunction Pending Appeal.

To obtain a preliminary injunction pending appeal, Mr. Pugh must establish (1) a likelihood of success on the merits; (2) he will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief. *Bimbo Bakers USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010).  Mr. Pugh cannot meet his burden of establishing all four factors.

---

[1]  For the initial batch of mail-in/absentee ballots, it is about a two-week timeframe from the date the ballots are initially sent to the printer to the date they are mailed out to voters.

The purpose of preliminary injunctive relief is "merely to preserve the relative positions of the parties" pending further proceedings.  See *A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1368, 221 L. Ed. 2d 765 (2025) (quoting *Lackey v. Stinnie,* 604 U.S. ——, ——, 145 S. Ct. 659, 667, 221 L.Ed.2d 63 (2025)). Granting Mr. Pugh's requested relief would not preserve the status quo, it would alter the status quo and effectively **reverse** the District Court's dismissal Order and require that Mr. Pugh be placed on the November 2025 General Election ballot, thereby granting him substantive relief on the merits.

Because Mr. Pugh's requested injunction is mandatory and would alter the status quo, he must demonstrate:  (1) his **reasonable probability** of eventual success in the litigation and (2) that he will be irreparably injured pendent lite damages if the relief is not granted.  *MIG Invs. LLC v. Aetrex Worldwide, Inc.*, 852 F. Supp. 2d 493, 513 (D. Del. 2012) (quoting *Bennington Foods LLC v. St. Croix Renaissance, Grp., LLP,* 528 F.3d 176, 179 (3d Cir. 2008)) (emphasis added).

### B.    Mr. Pugh's Appeal Is Not Likely to Succeed on the Merits.

### 1.    Applicable Pennsylvania Election Code Provisions.

The District Court's Memorandum Opinion ("Opinion") (**JA003-015**) in support of its Order dismissing Mr. Pugh's Complaint summarizes the relevant provisions of the Pennsylvania Election Code, 25 Pa. Stat. §§ 2861-2883, including the Election Code provisions governing elections of municipal officials and the

primary elections by which Pennsylvania's two major political parties, the

Republican Party and the Democrat Party, select candidates through a primary

election to represent their party in the general election.[2] (**JA003-005**).

There are two paths by which candidates can appear on the ballot in the

general election: "(1) as the nominee of a major political party after winning the

party's primary, or (2) as an independent candidate or the designated candidate of a

minor political body after obtaining the requisite signatures on nomination papers."

*De La Fuente v. Cortes*, 751 F. App'x 269, 270 n.1 (3d Cir. 2018) (citing 25 Pa.

Stat. §§ 2831(a), 2861-83, 2911). Candidates cannot pursue both options in the

same election cycle. *Id*. Because candidates of major parties must win their

party's primary to get on the general election ballot, the rules regulating those

primary elections are also relevant. (**JA004**).

Each candidate who wishes to get on the ballot for the primary election must

complete and file a nomination petition. 25 Pa. Stat. § 2867. The nomination

---

[2] Under the Election Code, a political party is a political group that received
enough votes to meet a certain threshold at the most recent general election.
25 Pa. Stat.§ 2831(a). Pennsylvania distinguishes between major and minor
political parties. Major political parties are parties whose statewide registration is
more than fifteen percent of the combined statewide registration for all statewide
political parties at the close of registration for the immediately preceding
November election. *Id.* § 2872.2(a). Minor political parties, on the other hand, are
those with less than fifteen percent registration. *Id.* The only major political
parties in Pennsylvania are the Republican Party and the Democratic Party.

petition must contain a specific number of signatures. *Id.* § 2872.1. For the office of borough mayor, candidates must secure ten signatures. *Id.* § 2872.1(36). If a candidate whose name appears on the primary ballot wins a plurality of votes, that candidate is certified as the primary winner and is added to the general election ballot as the party's nominee. *Id.* § 2882. (**JA004**).

The process of getting on the general election ballot as a major party's primary winner is different for candidates who do not submit nomination petitions and thus must otherwise conduct a write-in campaign. (**JA004-005**). Under long-standing Pennsylvania law, counties are "empowered" to count write-in votes, which the Election Code refers to as "irregular ballots," for any person, provided that the county can determine that the ballot was intended for that person. *Appeal of McCracken*, 88 A.2d 787, 789 (Pa. 1952); *see also Dayhoff v. Weaver*, 808 A.2d 1002, 1011 (Pa. Commw. Ct. 2002). (**JA005**).

Section 1405 of the Election Code provides that during primary elections, "the county board shall not certify the votes cast on irregular ballots for any person for a . . . local party office unless the total number of votes cast for said person is equal to or greater than the number of signatures required on a nomination petition for the particular office." 25 Pa. Stat. § 3155. Because nomination petitions for the office of borough mayor require ten signatures, a mayoral write-in candidate

needs at least ten write-in votes for the county to certify their write-in ballots and declare them as the winner of the primary election.  *Id.* §§ 2872.1(36), 3155.

### 2.    Relevant Facts and Procedural History

With the above election law background in mind, the District Court's Opinion succinctly sets forth the relevant facts and procedural history, which accepts as true all well-pleaded facts alleged in Mr. Pugh's Complaint, but not legal conclusions.  (**JA005-006**).

Mr. Pugh is a current member of the Council of Lyons Borough.  (**JA005**). On May 20, 2025, the Berks County Board of Elections conducted a Municipal Primary Election, which included public offices in the Borough of Lyons for Mayor, Council, and Tax Collector.  (**JA005**).  No candidate filed a nomination petition to be placed on the Republican Primary ballot as a candidate for Mayor. Mr. Pugh, a registered Republican, launched a write-in campaign for Mayor of Lyons Borough.  (**JA005**).

Mr. Pugh voted for himself and also received four other write-in ballots from Republican voters.  (**JA005**).  Mr. Pugh's total of five write-in votes left Mr. Pugh with the highest plurality of votes cast for Lyons Borough Mayor in the Republican Primary.  (**JA005**).  Although Mr. Pugh received the most write-in votes in the 2025 Republican Primary for Mayor, because he did not appear on the primary ballot by submitting a nomination petition—which required signatures from ten

duly registered Republican Lyons voters—Mr. Pugh was required to receive at least ten write-in votes to be certified the winner and be included on the 2025 General Election ballot as the Republican nominee for Mayor of Lyons Borough. (**JA005-006**).  Mr. Pugh did not meet that ten-vote threshold.  (**JA006**).

Because Mr. Pugh did not meet the statutory minimum number of votes required by Section 1405 of the Election Code to be certified the winner, Berks County, relying on Section 1405, denied Mr. Pugh's petition to confirm him as the Republican Party nominee for Lyons Borough Mayor and add him to the official ballot in the upcoming November General Election.  (**JA006**).  Berks County then certified the results of the 2025 Primary Election, and no one is listed on the ballot as the Republican nominee for Lyons Borough Mayor.  (**JA006**).

On May 26, 2025, after Berks County declined to place Mr. Pugh's name on the 2025 General Election ballot, Mr. Pugh filed a Complaint in the District Court against Berks County alleging Section 1405 of the Pennsylvania Election Code is unconstitutional as-applied under the First and Fourteenth Amendments and seeking declaratory and injunctive relief to be named as nominee of the Republican Party for Mayor of Lyons Borough in the 2025 General Election.  (**JA016-023**).

Two weeks after filing suit, Mr. Pugh filed a Motion for a Speedy Declaratory Judgment Hearing, for a Preliminary Injunction, and Other Relief asking the District Court for an expedited answer to his Complaint, a speedy

hearing of his declaratory judgment action, and for a mandatory preliminary injunction.  (**JA024-084**).  Due to the rapidly approaching November election, the Court granted Mr. Pugh's Motion in part and ordered Berks County to respond to the Complaint by July 18, 2025.  (**JA085**).

On July 18, 2025, Berks County filed its Motion to Dismiss and supporting brief claiming that Section 1405's write-in vote requirement does not violate the First and Fourteenth Amendments.  ECF No. 12 (**JA086-104**).  On July 22, 2025, Secretary of the Commonwealth Al Schmidt and the Pennsylvania Department of State submitted an amicus brief supporting the constitutionality of Section 1405. (**JA105-122**).  Mr. Pugh responded to the Motion to Dismiss on August 1, 2025, maintaining his position that Section 1405 is unconstitutional.  (**JA123-232**).

On August 4, 2025, the District Court entered an Order scheduling an initial Rule 16 conference (**JA233-239**).  On August 5, 2025, Mr. Pugh filed a motion requesting the District Court to clarify its previous Order requiring Berks County to file an expedited response to the Complaint, which asked if Mr. Pugh's requested injunctive relief was still under consideration (**JA240-242**).  That same day, the District Court entered an Order clarifying that the balance of Mr. Pugh's requested relief remained under consideration (JA243).  On September 2, 2025, Mr. Pugh filed an emergency motion requesting a decision granting the injunctive

relief sought in his pending Motion for Speedy Declaratory Judgment by Friday, September 5, 2025 (**JA244-246**).

On September 3, 2025, the District Court entered its Order dismissing Mr. Pugh's Complaint (**J002**) and supporting Opinion (**J003-015**).  Mr. Pugh filed his Notice of Appeal on September 6, 2025 (**JA001**).

3.    **Section 1405 of the Pennsylvania Election Code is Constitutional.**

The District Court's Opinion sets forth the correct legal standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (**JA006**).

The District Court also correctly concluded that the *Anderson-Burdick* test applies to Mr. Pugh's constitutional challenge because Section 1405 affects only the mechanics of voting and not core political speech.  *See Mazo v. New Jersey Sec'y of State*, 54 F.4th 124 (3d Cir. 2022); *Eakin v. Adams Cnty. Bd. of Elections*, 775 F. Supp. 3d 903, 916 (W.D. Pa. 2025), *aff'd*, 2025 WL 2449056 (3d Cir. Aug. 26, 2025).  (**JA007-009**).

Applying the two-track *Anderson-Burdick* test to Mr. Pugh's challenge of Section 1405, the District Court correctly concluded Section 1405 is constitutional because (1) it imposes a minimal nondiscriminatory burden on Mr. Pugh's constitutional rights under the First and Fourteenth Amendments and (2) the Commonwealth's important and valid interest in requiring candidates to show a

12

minimum level of public support by obtaining a minimum number of write-in ballots before having their names placed on the General Election ballot as a party nominee is sufficient to justify Section 1405's minimal burden, even if it results in there being an empty ballot in the General Election.  (**JA010-014**).

This Court should summarily affirm the District Court's well written and well-reasoned decision.  Accordingly, Mr. Pugh's appeal is likely to fail—not succeed—on the merits.

### 4.    Mr. Pugh Cannot Demonstrate Irreparable Harm.

Mr. Pugh argues he will suffer irreparable harm if his name is not placed on the official General Election ballot as the Republican Party nominee for Mayor. App.'s Motion at 8-9.  Mr. Pugh is not irreparably harmed because even if he is not on the official ballot, he is not disenfranchised because he can wage a write-in campaign for the office of Lyons Borough Mayor, and anyone who supports him is free to vote for him, regardless of party affiliation.

Mr. Pugh cites *Anderson v. Celebrezze*, 460 U.S. 780, 799 n.26 (1983), for the proposition that a write-in campaign is "not an adequate substitute for having the candidate's name on the printed ballot."  App.'s Motion at 8 (**JA130-131**).  But any contention that Mr. Pugh will not be able to win because he is not on the official ballot is merely speculative.  Mr. Pugh's failure to meet the statutory vote

threshold is a self-inflicted injury, not irreparable harm attributable to Berks County.

### 5. The Balance of Harms and Public Interest Weigh Heavily Against Granting the Injunction.

Granting Mr. Pugh's requested injunctive relief would cause significant hardship to Berks County. When preparing its ballots and voting systems, Berks County utilizes one combined database for each election, and making late revisions to one precinct (Lyons Borough) would be logistically difficult. Berks County would need to decide between holding off on sending **<u>all</u>** its mail-in/absentee ballots to voters until the Court decides Mr. Pugh's appeal on the merits **<u>or</u>** provisionally include Mr. Pugh on the printed ballots now and then prepare and send for printing a separate revised ballot only for Lyons Borough in the likely event Mr. Pugh loses his appeal on the merits. Either way, granting such relief would result significant harm to Berks County—and its voters—by delaying or undermining the County's entire absentee/mail-in ballot electoral process. Granting this injunctive relief would further harm Berks County and its voters by delaying or undermining other aspects of the electoral process, including the ability to timely prepare and test the County's precinct voting machines in advance of the November election, because that testing requires a finalized ballot.

Other issues are likely to arise if the Court were to grant Mr. Pugh's requested injunctive relief at this late date. For example, other potential candidates

who may be planning to engage in a write-in campaign for the office of Lyons

Borough Mayor in the November General Election[3] could object to Mr. Pugh's late

addition to the official ballot as a major party nominee.

Finally, granting the requested injunction would undermine the integrity of

Pennsylvania's election process by circumventing and ignoring the clear statutory

requirement in Section 1405 of the Election Code.  The public interest is best

served by upholding its well established Election Code provisions, which ensure

that all nominees for public office have demonstrated a minimum level of support

before they are entitled to appear on the ballot.

Because granting Mr. Pugh's requested injunctive relief would harm Berks

County and the public interest, this factor weighs heavily against granting

Mr. Pugh's requested injunctive relief.

---

[3]  Such objectors could include the Democratic Party candidate for Lyons Borough
Mayor who, like Mr. Pugh, also received the highest plurality of write-in votes in
the May 2025 Municipal Primary but fewer than the minimum number of ten
write-in votes and was not certified the winner of the Democratic Party primary but
who did not file a petition or lawsuit against Berks County.  In addition, the
independent candidate for Mayor of Lyons Borough, who followed the correct
procedure for having his name placed on the November ballot, would likely have
grounds to object to Mr. Pugh's inclusion on the ballot.

## CONCLUSION

Mr. Pugh has not met his burden of demonstrating a likelihood of success on the merits, irreparable harm, or that the balance of equities and public interest favor granting his requested mandatory injunctive relief. Because he seeks a mandatory injunction that alters the status quo, Mr. Pugh must show a reasonable probability of success on the merits. Mr. Pugh's appeal probably will fail on the merits, not succeed. Accordingly, this Court should deny Appellant's Emergency Motion for Preliminary Injunction pending appeal. Additionally, this Court should summarily affirm the District Court's Order dismissing Mr. Pugh's complaint for failure to state a claim so that Berks County can promptly finalize its ballots for the upcoming November General Election without the uncertainty of this appeal.

Respectfully submitted,

**SMITH BUKOWSKI, LLC**

Dated: September 11, 2025    By:    /s/ Jeffrey D. Bukowski
Jeffrey D. Bukowski, Esquire
Attorney I.D. No. 76102
JBukowski@SmithBukowski.com
1050 Spring Street, Suite 1
Wyomissing, PA 19610
(610) 685-1600

*Counsel for Appellee,*
*Berks County Board of Elections*

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

I, Jeffrey D. Bukowski, Esquire, certify that this document complies with the applicable word limit in Fed. R.A.P. 27(d)(2)(A).  Utilizing word count feature of the word-processing system used to prepare the document reveals that there are 3,613 words in the document.


**SMITH BUKOWSKI, LLC**

Dated: September 11, 2025       By:     /s/ Jeffrey D. Bukowski
                                        Jeffrey D. Bukowski, Esquire
                                        Attorney I.D. No. 76102
                                        JBukowski@SmithBukowski.com
                                        1050 Spring Street, Suite 1
                                        Wyomissing, PA 19610
                                        (610) 685-1600

                                        *Counsel for Appellee,*
                                        *Berks County Board of Elections*

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffrey D. Bukowski, Esquire, certify that on the below date, the foregoing **Response of Appellee Berks County Board of Elections In Opposition to Appellant's Emergency Motion for Preliminary Injunction Pending Approval** was filed electronically and is available for viewing and downloading from the Court's ECF system.  An ECF Notice was generated and sent to the below counsel for all parties who are registered ECF users:

Joel A. Ready, Esquire,
joel@cornerstonelaw.us

**SMITH BUKOWSKI, LLC**

Dated: September 11, 2025    By:    /s/ Jeffrey D. Bukowski
Jeffrey D. Bukowski, Esquire
Attorney I.D. No. 76102
JBukowski@SmithBukowski.com
1050 Spring Street, Suite 1
Wyomissing, PA 19610
(610) 685-1600

*Counsel for Appellee,*
*Berks County Board of Elections*